UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| XAVIER KINNIE, <br><br> Plaintiff, <br><br> v. <br><br> SHARON TUCKER, et al., <br><br> Defendants. | CAUSE NO. 1:25-CV-302-CCB-SJF |

## OPINION AND ORDER

Xavier Kinnie, a prisoner without counsel, filed an amended complaint under 42 U.S.C. § 1983. (ECF 8.) This pleading supersedes his original complaint (ECF 1) and controls the case from this point forward. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void.").

Pursuant to 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Kinnie is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Kinnie is incarcerated at the Allen County Jail. He sues 10 defendants including an unidentified "Indiana State Representative," former Indiana Department of Correction Commissioner Robert E. Carter, former Governor Eric Holcomb, Mayor Sharon Tucker, prosecutors, police officers, and a public defender. The 16-page complaint is difficult to follow and consists mainly of boilerplate language that is repeated several times. He asserts that there is a "Code of Silence" that is "enforced by the court, judges, lawyers, and prosecutors," and that high-ranking officials are "truly overlooking the corruption created by state agencies overlapping paperwork, illegal plea agreements, falsifying of enhancements, forgery, conspiracy, & utterances[.]" He claims the defendants violated his "right to EQUAL PROTECTION of the law as a citizen during questioning, investigation, interrogation, pre-arrest, arrest, arraignment, initial hearing, omnibus hearing, pre-trial hearing, trial, [and] sentencing."[1]

Public records reflect that Kinnie has prior convictions for obstruction of justice and domestic battery.[2] *State v. Kinnie,* No. 02D06-2505-F6-000799 (Allen Sup. Ct. closed Sept. 4, 2025); *State v. Kinnie,* No. 02D06-2308-F6-001039 (Allen Sup. Ct. closed Nov. 25, 2024). He is also currently facing charges of invasion of privacy, as well as an alleged probation violation in his domestic battery case. *State v. Kinnie,* No. 02D06-2410-F6-

---

[1] When asked to specify his request for relief, he wrote simply "same." (ECF 8 at 16.) If he is referring back to his original complaint, the Local Rules do not permit incorporation of a prior pleading by reference. *See* N.D. Ind. L.R. 15-1(b). The court notes that in his original complaint, he sought $750,000 in damages and an order requiring the defendants to "stop from violating people's constitutional rights & committing false arrest & conviction." (ECF 1 at 58.)

[2] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

001635 (Allen Sup. Ct. filed Apr. 21, 2025), *Kinnie,* No. 02D06-2308-F6-001039 (docket entry Mar. 13, 2025). It appears from his allegations and a separately filed motion seeking to "suppress evidence and dismiss charge(s)" (ECF 7) that he is trying challenge his criminal convictions or the validity of the pending charges. However, he cannot challenge a state criminal case or obtain release from custody in a civil rights lawsuit. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Such relief, to the extent it is available to him, can only be sought through the federal habeas corpus statutes, 28 U.S.C. § 2254 and 28 U.S.C. § 2241. *Id.*

Kinnie also cannot pursue a claim for damages in this civil suit based on a theory that his outstanding convictions are "false" or invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (holding that *Heck* "forbids a convicted person to seek damages on any theory that implies that his conviction was invalid without first getting the conviction set aside"). Additionally, the prosecutors are immune from suit for their actions taken on behalf of the state in his criminal cases, *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976), and a public defender is not a "state actor" who can be sued for constitutional violations. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

A claim against police officers pertaining to wrongdoing that occurred during an arrest would not necessarily be barred by *Heck*. *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). However, even giving the complaint liberal construction, the court cannot infer a plausible claim of police misconduct within it. His broad accusation that police violated his rights during

"arrest" and "pre-arrest" in some unspecified way is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards). He appears to state that someone lied in a warrant application, but he has a complex criminal history, and it is unclear from his allegations what warrant he is referring to or what within it was false. The court cannot infer a plausible Fourth Amendment claim based on what he has alleged.

He appears to be suing the high-ranking officials because of their positions. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983 and these officials cannot be held liable simply because they supervise (or supervised) employees of the state or county. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). His bare assertions do not plausibly allege the existence of a conspiracy among these state officials, municipal employees, and others. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) ("bare" assertion of a conspiracy is not enough to survive dismissal at the pleading stage).

He may be trying to sue one or more of these officials under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). A *Monell* claim against the state officials is unavailing, because *Monell* applies to municipal actors. *See Will v. Mich. Dep't*

4

*of State Police*, 491 U.S. 58, 63 (1989). Municipal officials may be held liable under *Monell* only if the unconstitutional acts of their employees "were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a viable *Monell* claim, the plaintiff must identify an official municipal policy that caused him injury. *Grieveson*, 538 F.3d at 771. Alternatively, a plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a [corporate] custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Kinnie does not satisfy these standards. First, *Monell* requires an underlying constitutional violation by a municipal employee, and at present Kinnie has not plausibly alleged one. *See Petty v. City of Chicago*, 754 F.3d 416, 424–25 (7th Cir. 2014). Second, it cannot be discerned what the unlawful policy was that allegedly caused him injury. His generalized allegations about a "Code of Silence" or a policy to "stop [his] constitutional rights" do not suffice. Additionally, because he does not clearly describe the policy at issue, the court cannot discern whether a *Monell* claim would be barred by *Heck* due to his outstanding convictions.

Therefore, the complaint does not state a claim for relief. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964,

965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). Kinnie already amended his complaint once, but in fairness he will be given an additional opportunity to amend in response to this screening order. If, after reviewing this order, he believes he can state a plausible constitutional claim, he may file a second amended complaint. If he decides to replead, he does not need to include legal boilerplate and should simply explain in plain language what happened and how each defendant violated his rights.

Kinnie filed additional motions. (ECF 3, 4, 9.) It appears from two of them (ECF 3, 9) that he is seeking permission to proceed on behalf of other inmates. He cannot do so, however, because there is no indication he is a licensed attorney. *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010). Alternatively, he may be asking to "join" this case with another case filed a by an inmate-plaintiff. Under Federal Rule of Civil Procedure 20(a)(1), "persons may join in one action as plaintiffs" if their claims arise out of the same transaction or occurrence, and their claims involve some common question of law or fact. Fed. R. Civ. P. 20(a)(1)(A)-(B). He does not clearly identify which case he wants to "join" with this one, but in any event, he has not been granted leave to proceed on any claim. The court cannot determine whether joinder with another case might be appropriate without knowing whether he will replead and, if so, whether his claims can survive screening under 28 U.S.C. § 1915A. This motion will be denied.

It is not entirely clear what relief he is seeking in his remaining motion. (ECF 4.) He references "attached exhibits," but there is nothing attached to the motion. It appears from this and a "probable cause" affidavit he filed (ECF 5) that he may be

trying to initiate criminal charges against one or more individuals. However, he has no authority to initiate criminal charges as a private citizen. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) (observing that federal criminal prosecution is "an executive function within the exclusive prerogative of the Attorney General"). This motion will be denied.

For these reasons, the court:

(1) **DENIES** the plaintiff's motions (ECF 3, 4, 7, 9);

(2) **GRANTS** the plaintiff until **October 20, 2025**, to file an amended complaint as outlined in this order; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

SO ORDERED on September 18, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT